# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | ROBERT W. GETTLEMAN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 3130 | **DATE** | 6/19/2008 |
| **CASE TITLE** | Robert E. Chencinski, Jr. (#2006-0056796 / #B-75443) vs. Sheriff Thomas Dart, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The court orders the trust fund officer at the plaintiff's place of incarceration to deduct $9.47 from the plaintiff's account for payment to the clerk of court as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at the Shawnee Correctional Center. The clerk is directed to issue summonses for service on the defendants by the U.S. Marshal. The clerk is further directed to send the plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order. The plaintiff's motion for appointment of counsel [#4] is granted. Charles Siedlecki, Charles Siedlecki & Associates, PC, 10540 S. Western Avenue, Suite 410, Chicago, Illinois 60643, (773) 881-2535 is appointed to represent the plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37 (N.D. Ill.).

■ **[For further details see text below.]**

Docketing to mail notices.

## STATEMENT

The plaintiff, currently a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, officials at the Cook County Jail, violated the plaintiff's constitutional rights by subjecting him to inhumane conditions of confinement and by acting with deliberate indifference to his serious medical needs when the plaintiff was housed at that facility as a pretrial detainee. More specifically, the plaintiff alleges that a division-wide, rolling "lockdown" left him in a cramped cell with two fellow prisoners for up to twenty-seven hours in a row, that the jail had inadequate cooling and ventilation, and that he was denied needed medical care after losing consciousness and injuring himself on account of the unrelenting heat.

The plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $9.47. The trust fund officer at the plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from the plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the plaintiff's trust fund officer is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal **(CONTINUED)**

mjm

**STATEMENT (continued)**

to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number. This payment obligation will follow the plaintiff wherever he may be transferred.

Under 28 U.S.C. § 1915A, the court is required to conduct a prompt threshold review of the complaint. Here, accepting the plaintiff's allegations as true, the court finds that the plaintiff has articulated colorable federal causes of action. Pretrial detainees may not be subjected to conditions that rise to the level of "punishment." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999). Furthermore, the Due Process Clause prohibits deliberate indifference to the serious medical needs of a pretrial detainee. *Chapman v. Keltner*, 241 F. 3d 842, 845 (7th Cir. 2001)*; Qian v. Kautz*, 168 F.3d 949, 955 (7th Cir. 1999); *but see Henderson supra*, 196 F.3d at 844 (inattention only to serious injury or signs of serious injury amounts to a constitutional violation). The defendants must respond to the complaint.

The clerk shall issue summonses forthwith. The United States Marshals Service is appointed to serve the defendants. Any service forms necessary for the plaintiff to complete will be sent by the Marshal as appropriate to serve the defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve the defendants. With respect to former correctional employees who no longer can be found at the work address provided by the plaintiff, the Cook County Department of Corrections shall furnish the Marshal with the defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Finally, the plaintiff's motion for appointment of counsel is granted. Charles Siedlecki / Charles Siedlecki & Associates, PC / 10540 S. Western Avenue, Suite 410 / Chicago, Illinois 60643 / (773) 881-2535 is appointed to represent the plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37 (N.D. Ill.).