UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT E. CHENCINSKI, JR. ) | |
| ) | 08 C 3130 |
| Plaintiff, ) | |
| v. ) | Honorable Robert W. Gettleman |
| ) | |
| THOMAS DART, ET AL., ) | |
| ) | |
| Defendants. ) | |
| ) | |

### DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendants, Supt. Jessie Anderson and Capt. Michael Darcy, through their attorney, RICHARD A. DEVINE, State's Attorney of Cook County, by his Assistant State's Attorney, Daniel J. Fahlgren, and in answer to Plaintiff's complaint, state as follows;

1. I was lodged in Cook County Department of Corrections as a pre-trial detainee on 7/26/06.

ANSWER:   Defendants admit the averment in this paragraph.

2. I was placed in Division six, CCDOC, which is divided into several divisions, division six is located at 2650 S. California, in the city of Chicago.

ANSWER:   Defendants admit the averment in this paragraph.

3. Upon arriving at division six the facility was open, in otherwords inmates were locked in their cells at bedtime hours only.

ANSWER:   Defendants admit the averment in this paragraph.

4. CCDOC was under the control of the Sheriff of Cook County.

ANSWER:   Defendants admit the averment in this paragraph.

5. Cook County had a change in elected sheriff and Defendant #1 Sheriff Dart was in control when my constitutional Rights were violated.

ANSWER: Defendants admit that Cook County had a change in elected sheriff after 7/26/06 and Sheriff Dart was elected. Defendants deny the remaining averment in this paragraph.

6. Sheriff Dart was in charge of CCDOC and is responsible for custody, and care, both physically and medically of all inmates in CCDOC.

ANSWER: Defendants admit the averment in this paragraph.

7. Upon taking control has Sheriff Defendant Dart installed procedural changes in division six.

ANSWER: Defendants admit the averment in this paragraph.

8. Among those changes, Sheriff Dart started a 18/6 lock-down procedure.

ANSWER: Defendants deny the averment in this paragraph.

9. 18/6 means that inmates are locked in their cells for 18 hours a day and allowed day-room activities, including yard and gym for six hours a day.

ANSWER: Defendants deny the averment in this paragraph.

10. Somedays we were locked in a two man cell for up to 27 hours a day due to the fact you were out one day in the morning and the next day not let out of your cell until the afternoon.

ANSWER: Defendants deny the averment in this paragraph.

11. Over-crowding in division six forced three men to be housed in each two man cells.

ANSWER: Defendants deny the averment in this paragraph.

12. Defendant #2 Supt. Anderson, first name unknown, was in charge directly of division six.

ANSWER: Defendants admit the averment in this paragraph.

13. He was responsible for day to day operations and to enforce Sheriff Dart's procedures.

ANSWER: Defendants admit the averment in this paragraph.

14. Division six had many operational malfunctions, there was no ventilation, ice machines that provided daily ice to inmates had been non-operational.

ANSWER: Defendants deny the averment in this paragraph.

15. C/O assigned to the deck said exhaust system was in need of repair.

ANSWER: Defendants are without sufficient information or knowledge to form a belief as to the truth of this averment.

16. At times tempertures exceed 100 degrees.

ANSWER: Defendants deny the averment in this paragraph.

17. Breathing was difficult.

ANSWER: Defendants are without sufficient information or knowledge to form a belief as to the truth of this averment.

18. I filed grievances to address the lack of ventilation, no panic button to alert C/O of medical problem a while on lock-down and the issue that no C/O were assigned to the decks to hear requests for assistance during lock-downs.

ANSWER: Defendants admit the averment in this paragraph.

19. In March it was already getting warm and by May 2007 it so hot I felt dizzy while in my cell on lock-down I blacked out and hit my head on the steel bunk bed.

ANSWER: Defendants are without sufficient information or knowledge to form a belief as to the truth of this averment.

20. I injuried my head and eye upon impact with the bunk.

ANSWER: Defendants are without sufficient information or knowledge to form a belief as to the truth of this averment.

21. I recieved a severe black eye, but was not permitted any medical treatment.

ANSWER: Defendants deny the averment in this paragraph.

22. I could not even apply ice to my injured eye due to the ice machine being broke.

ANSWER: Defendants deny the averment in this paragraph.

23. I filed a grievance on the incident, I stated that my health was at risk and

inadequate health treatment.

ANSWER: Defendants deny the averment in this paragraph.

24. I feel that CCDOC's Defendant's actions constituted an Eighth Amendment violation of my Constitutional guaranteed right to be free from cruel and unusual punishments.

ANSWER: Defendants admit that Plaintiff feels this way, but defendants deny that the averment in this paragraph is true.

25. CCDOC never repaired any of my grieved issues nor did they respond to my filed grievances regarding ventilation, ice machines, and panic buttons.

ANSWER: Defendants deny the averment in this paragraph.

26. I continued to put i n for nurse sick-call requests until I was finally seen.

ANSWER: Defendants admit the averment in this paragraph.

27. After being examined and explaining to the nurse what had taken place, she put me through to see the doctor.

ANSWER: Defendants admit the averment in this paragraph.

28. The doctor put in to see an eye-specialist.

ANSWER: Defendants admit the averment in this paragraph.

29. The eye-specialist said I had eye damage to the 'Maxiofacial nerves to the left-side medially'.

ANSWER: Defendants are without sufficient information or knowledge to form a belief as to the truth of this averment.

30. He ordered botox-injections to stop my eye from twitching involuntiarily.

ANSWER: Defendants are without sufficient information or knowledge to form a belief as to the truth of this averment.

31. The botox injections were never approved by the HMO for CCDOC inmates.

ANSWER: Defendants are without sufficient information or knowledge to form a belief as to the truth of this averment.

32. I continued to see the eye-specialist but never recieved any treatment.

ANSWER: Defendants are without sufficient information or knowledge to form a belief as to the truth of this averment.

33. The heat in CCDOC at division six continued to increase until Superintendent Anderson allowed division six to come off the 18/6 lock-down to ease the overheating of the inmates.

ANSWER: Defendants deny the averment in this paragraph.

34. The lock-down was lifted during the months of July and August 2007.

ANSWER: Defendants admit the averment in this paragraph.

35. Also industrial fans were placed on the decks to help ease the heating problem.

ANSWER: Defendants admit the averment in this paragraph.

36. In September of 2007, a different Superintendent took over operations at division six, and again enforced the 18/6 schedule.

ANSWER: Defendants are without sufficient information or knowledge to form a belief as to the truth of this averment.

37. The only difference was the six hours out was split 3 hours in the morning and 3 hours in the afternoon or evening.

ANSWER: Defendants deny the averment in this paragraph.

38. The ventilation and ice machine were not repaired.

ANSWER: Defendants deny the averment in this paragraph.

39. I was transferred to the Illinois Department of Corrections to Shawnee Correctional Center on January 11, 2008 and never recieved any treatment before my transfer, for my nerves in my eye or the muscular reactions that are visual to my appearance and does not allow me total use of my left eye.

ANSWER: Defendants admit was transferred to the Illinois Department of Corrections to Shawnee Correctional Center on January 11, 2008, but Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining averments.

40.　I named Captain Darcy Defendant #3, cause he addressed and was responsible for answering inmate grievances, which were never addressed or responded to.

ANSWER:　Defendants deny the averment in this paragraph.

**AFFIRMATIVE DEFENSES**

1.　The Defendants raise the defense of qualified immunity.

2.　Plaintiff, while he was an inmate, failed to exhaust his administrative remedies before filing this action. Therefore this action should be dismissed pursuant to the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

**JURY DEMAND**

Defendants demand trial by jury.

                    Respectfully submitted,
                    RICHARD A. DEVINE
                    State's Attorney of Cook County

By:　*s/ Daniel J. Fahlgren*
      Daniel J. Fahlgren
      Assistant State's Attorney
      500 Richard J. Daley Center
      Chicago, IL 60602
      (312) 603-3304
      6201163